1  John Rafter, 19341 Sierra Perla Rd.
   Irvine, California, 92603,
2  949 648 1000,
   johnrafter450@aol.com
3  This document is presented by
   Plaintiff John Rafter.
4  **In Pro Per**

5

6  **UNITED STATES DISTRICT COURT**

   **CENTRAL DISTRICT OF CALIFORNIA**
7

| John Pafter | CASE NUMBER |
|---|---|
| **Plaintiff** | **CV10 -4580 MMM (MANx)** |
|  |  |
| Hunt & Henriques, Richard D. (Dick) Parsons, Vikram S. Pandit, Citigroup Inc., Citibank (South Dakota) (NA), Ken Stork, American Airlines, Inc. Gerard J. Arpey, Michael S. Hunt, Janalie Henriques, Joe Doe | **Complaint for:** Breach of Contract , Invasion of Privacy, Assault, Denial of Service attack, Fraud on the Court, Malicious Prosecution, Coercion, Export of Personal Information, Intentional infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Defamation, Reporting Disputed Information as Undisputed, Unfair Practices, Civil Liability, False or Misleading Representations, and Service Mark Cancellation |
| **Defendants** | **Demand for Jury Trial** |

**I.  Jurisdiction:**

1.    This wrongdoings complained of herein affect interstate commerce and arise under

the laws of the United States, including the Lanham (Trademark) Act 15 U.S.C. §1051 et

seq. and § 15 U.S.C. 1121 in particular; the Fair Credit Reporting Act, 15 U.S.C. § 1681

et seq. and 15 U.S.C. § 1681p in particular, the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 et seq. and 15 USC 1692k(d) in particular; and pendant jurisdiction exists

over the other claims.

**II.  Venue:**

2. The damages harm and injuries resulting from the wrongdoing alleged in this complaint occurred in Irvine, California and within the jurisdiction of this Court.

**III. The Parties:**

3. Plaintiff, John Rafter, is an American Airlines AAdvantage cardholder (Exhibit A) residing at 19341 Sierra Perla Road, Irvine California, 92603, and will testify as a witness in this matter; and is hereinafter referred to as "Plaintiff."

4. Richard D. (Dick) Parsons is Chairman of Citigroup Inc. and has personal knowledge of the underlying dispute and his and Citi's failure to answer any of Plaintiff's dispute letters to him, failed to supervise Ken Stork and Citibank, and has a place of business at 399 Park Ave., New York, NY 10043 and is hereinafter jointly and severally referred as "Citi".

5. Vikram S. Pandit, CEO and Director of Citigroup, Inc. has personal knowledge of the underlying dispute, and his and Citi's failure to answer any of Plaintiff's dispute letters him, failed to supervise Ken Stork and Citibank, and has a place of business, 399 Park Ave., New York, NY 10043 and is hereinafter jointly and severally referred as "Citi".

6. Citigroup Inc. is the parent of Citibank (South Dakota) (NA) and failed to supervise Ken Stork and Citibank and Citigroup is doing business in Orange, Country California and has a place of business at 399 Park Ave., New York, NY 10043 and is hereinafter referred to individually as "Citigroup Inc." or jointly and severally as "Citi."

7. Citibank (South Dakota) (NA) is a national banking association doing business in Orange, Country California, is a subsidiary of Citigroup and is the plaintiff in the underlying malicious lawsuit the provoked this action and has a place of business at 701 E 60th St N, Sioux Falls, SD 57104-0432 and is hereinafter referred to individually "Citibank" or jointly and severally referred as "Citi."

8. Ken Stork is President, Citibank (South Dakota) (NA), doing business in Orange Country California and has a place of business at 701 E 60th St N, Sioux Falls, SD 57104-0432 and improperly terminated Plaintiff's American Airlines AAdvantage card,

1  imposed a 29.99 % interest rate on the terminated card and is hereinafter jointly and
2  severally referred as "Citi."

3  9.   American Airlines, Inc. is a Delaware corporation having a place of business at 4333
4  Amon Carter Boulevard, Fort Worth, Texas 76155, directly or indirectly provides
5  American Airlines AAdvantage credit card services to Plaintiff and is the owner of
6  various registered and unregistered US trademarks and service marks and is hereinafter
7  referred to individually "American Airlines, Inc." or jointly and severally referred as
8  "American."

9  10. Gerard J. Arpey is Chairman, President, & CEO of AMR Corp., the parent of
10 American Airlines Inc., and has personal knowledge of the underlying dispute and Citi's
11 failure to answer any of Plaintiff's letters and has a place of business at 4333 Amon
12 Carter Blvd., Fort Worth, TX  76155 and is hereinafter jointly and severally referred as
13 "American."

14 11. Michael S. Hunt, is a debt collector under 15 USC §1692a (6), is responsible in
15 whole or in part for filing the underlying malicious lawsuit that has provoked this action
16 and has a place of business at 151 Bernal Rd., Suite 8, San Jose, CA 95119 and is
17 hereinafter jointly and severally referred as "H&H".

18 12. Janalie Henriques, is a debt collector under 15 USC §1692a (6) , is responsible for
19 filing the underlying malicious lawsuit that has provoked this action and has a place of
20 business at 151 Bernal Rd., Suite 8, San Jose, CA 95119 and is hereinafter jointly and
21 severally referred as "H&H."

22 13. Hunt & Henriques, is a debt collector under 15 USC §1692a (6) , is responsible for
23 filing the underlying malicious lawsuit that has provoked this action and has a place of
24 business at 151 Bernal Rd., Suite 8, San Jose, CA 95119 and is hereinafter jointly and
25 severally referred as "H&H."

26 14. Joe Doe is a process server supervised by debt collector H&H who entered Plaintiff's
27 property without authorization and assaulted Plaintiff's family, and is hereinafter referred
28 to individually as "Joe Doe" and jointly and severally referred as "H&H."

29 **IV.      Background:**

15. More than 10 years ago, American induced Rafter to participate in an American Airlines AAdvantage revolving credit card relationship (Exhibit A).

16. American has benefited financially from Plaintiff's purchases.

17. Plaintiff relied upon the reputation of American Airlines for safety, quality, integrity and honesty and 'for doing it right" as the best United States airline.

18. Citi interfered with the Rafter -American Airlines AAdvantage revolving credit card relationship and Cit unilaterally and without consideration or authorization attempted to convert the relationship from a revolving credit card into a monotonically declining balance loan and also increased the interest rate to in excess of 29% annual interest.

19. Citi secretly developed and execute a plan to impair Rafter's credit including one or more of the following:

> Secretly and instantaneously reducing Rafter's credit
>
> Deceived Rafter into believing that Rafter's payments would be applied to a revolving credit card,
>
> Increase Rafter's interest rate to in excess of 29%,
>
> Prevented Rafter from paying Rafter's son's tuition,
>
> Citi unilaterally took funds earmarked for children's college and
>
> Refused communicate with Rafter.

20. Citi's actions lacked consideration.

21. Rafter disputed these changes in writing to Citi and demanded assurances from Citi that Citi would live up to Citi obligations (Ex. B)

22. Citi did not reply and presumably acknowledged Citi's wrong doing and accepted the Rafter dispute as valid.

23. Citi frustrated the Rafter -American Airlines AAdvantage revolving credit card relationship and forced Rafter to choose between sending his children to college and paying money when Citi refused to answer Rafter's letter.

24. Plaintiff's attempts to resolve this dispute were unavailing.

1  25. Rafter chose to send his children to college and suspended performance with Citi
2  (Ex. C)

3  26. Citi interfered with Rafter ability to send his children to college.

4  27. Citi failed to cease it interference American Airlines AAdvantage revolving credit
5  card relationship.

6  28. Rafter treated the contract as breached and suspended performance (Ex. C).

7  29. Rafter Complained to American (Ex. D)

8  30. American provided Rafter with assurances.

9  31. Citi failed to cease it interference American Airlines AAdvantage revolving credit
10 card relationship.

11 32. Citi laundered the dispute from the American Airlines AAdvantage revolving credit
12 card relationship.

13 33. Citi engaged H&H to file a malicious legal action against Plaintiff.

14 34. On about June 2, 2010 a Joe Doe process server assaulted Rafter's daughter at her
15 home while attempted to serve and failing to properly serve the malicious legal action.

16 35. On or about Saturday June 5, 2010, H&H sent to Plaintiff by modified mail a copy of
17 the complaint filed in May 2010 in Superior Court of California, County of Orange 30-
18 2010-00375080 (Ex. E).

19 36. Plaintiff sent a certified return receipt letter (Ex. F) to H&H requesting H&H to
20 withdraw the malicious law suit based on "error" on or before Friday June 11, 2010.

21 37. On Friday June 11, 2010 at 5:30 PM, H&H acting as Citi's representative failed to
22 withdraw the malicious lawsuit and instead broadcast through Plaintiff telephone
23 answering machine at a excessively high volume for all to hear throughout Plaintiff house
24 the following abusive 4 minute robot phone message (hereinafter the "H&H Abusive
25 Phone Message")

26        "This is personal and private message for John Rafter
27        If you are not John Rafter or if someone else can hear this message
28        Please do not listen further

1    If you are John Rafter please continue to listen to this message in private

2    There will not be a three second pause in this message

3    By continuing to listen to this message, you acknowledge you are

4    Please call the office of Hunt & Henriques at 800 4695051

5    This is call is from a message from a debt collector"

6    38. H &H cause a telephone robot calling machine to call Plaintiff's cell phone 29 times

7    on June 11, 2010 to maliciously prevent deny Rafter from using his cell phone service.

8    39. H&H provoked this legal action by failing to withdraw the legal action that it filed.

9    40. H&H has failed to advise the Court that the alleged debt is disputed.

10   41. H&H has deceptively failed to advise Plaintiff that the service of process is defective

11   and that Plaintiff has no obligation to respond to the invalid summons.

12   42. H& H's mailing are not likely to reach the recipient due to unusual mailing

13   techniques in violation of US Postal Service requirements 39 USC §3000 et seq.

14   including one or more of the followings:

15          Misaddressing the envelope

16          Omitting a return address from the exterior of the envelope to create a sense

17          that the envelope is of no consequence;

18          Fashioning the envelope to appear as junk mail

19          Omitting the contents of the envelope and

20          Refusing certified mail.

21   43. Some portion of H&H correspondence with debtors does not reach debtors and H&H

22   has willfully obstructed the US mail to disadvantage debtors seeking to dispute a debt.

23   44. H&H has breached its duty of candor and good faith when H&H represented to this

24   court that H&H has behaved in fair and reasonable manner while knowing that debtors

25   seeking to dispute their debts have not been given a fair opportunity to dispute the debt.

26   45. Citi knew or should have known that H&H used deceitful and/or deceptive practices

27   in performing collection work for Citi.

28   46. Citi was grossly negligent in allowing H&H to perform collection work for Citi.

1   47. Citi failed to properly audit H&H's collection activities on a regular basis

2   48. Plaintiff has be physically injured and a result of the Citi and H&H actions and
3   inactions.

4   49. Plaintiff''s credit has been malicious harmed

5   50. The damage the Citi and H&H have done to Plaintiff is making it impossible for
6   Plaintiff to send his children to college this fall.

7   51. American knew that Citi was not treating Plaintiff fairly and should have prevented
8   Citi from harming Plaintiff.

9   52. Citi's behavior is unethical and is inconsistent with and substantially below credit
10   card industry standard practices and the laws of the United States.

11   53. Citigroup Inc. is the registered owner of at least the following US trademarks and/or
12   service mark registrations for financial and/or credit card services (hereinafter the "Citi
13   Marks") and which list of marks may be supplemented to include other marks identified
14   during discovery.

| Reg. Number | Serial Number | Word Mark | Exhibit |
|---|---|---|---|
| 1181467 | 73207983 | CITI | G |
| 2424088 | 75729726 | CITI | H |
| 3441460 | 77058999 | CITI | I |
| 3086206 | 78340969 | CITI | J |

20   54. Citigroup Inc. allows Citibank to provide credit card services under the Citi Marks
21   (Ex. A)

22   55. Citigroup Inc. failed to properly and adequately supervise the quality of services that
23   Citibank provides in connection with the Citi marks.

24   56. Citibank is not providing quality services under the Citi Marks.

25   57. The Citi Marks are being used by, or with the permission of Citigroup Inc. so as to
26   misrepresent the source and/or quality of the goods or services on or in connection with
27   which the Citi Marks are used.

Complaint                     Page 7   of   20

58. The Citi Marks have become generic name for at least a portion of the goods or services for which they are registered.

59. Citigroup Inc. does not control the use of the Citi Marks.

60. Citigroup Inc. is not able legitimately to exercise control over the use of the Citi Marks.

61. American Airlines AAdvantage cardholders have been deceptively induced to enter a relationship believing Citi will provide services consistent with American Airlines standards under the American Marks.

62. American Airlines, Inc. is the registered owner of at least the following US trademark and/or service mark registrations for financial and/or credit card services (hereinafter the "American Marks") and which list of marks may be supplemented to include other marks identified during discovery.

| Word Mark | Registration Number | Serial Number | Exhibit |
|---|---|---|---|
| AADVANTAGE | 2006172 | 75011112 | K |

63. American has allowed Citi to use the American Marks, See Ex. A.

64. American knows that Citi is not providing American Airlines quality services under the American marks.

65. The American Marks are being used by, or with the permission of American so as to misrepresent the source or quality of the goods or services on or in connection with which the American Marks are used.

66. The American Marks have become generic name for at least a portion of the goods or services for which they are registered,

67. American does not control the use of the American Marks,

68. **American Airlines AAdvantage** cardholders have been deceptively induced to enter a relationship credit card believing American is able to legitimately exercise control over the use of the American Marks.

**VI.    Enumerated Claims**

**Count 1:  Breach of Contract**

69. The allegations of paragraphs 1-68 are incorporated herein as if separately restated in their entirety

70. Rafter had an American Airlines AAdvantage revolving credit card.

71. Citi secretly developed and executed a plan to deprive Rafter of beneficial usage of his credit card.

72. Citi secretly executed a plan that included unilaterally executing one or more of the following:

      secretly and instantaneously reducing Rafter's credit

      deceiving Rafter into believing that Rafter's payments would be applied to a revolving credit card,

      increasing the interest rate that Citi applied his card.

      preventing Rafter from paying his sons college tuition

73. Rafter has terminated the credit card

74. Rafter is suffering monetary damages estimated to be not less $57,000 arising from Citi's interference with Rafter ability to send his children to college.

75. Request for Relief: Plaintiff seeks as monetary damages an amount of money sufficient send plaintiff's children to college for the 2010-2011 school year estimated to be $57,000

**Count II Invasion of Privacy**

76. The allegations of paragraphs 1-75 are incorporated herein as if separately restated in their entirety

77. Rafter instructed Citi to either resolve dispute or cease communications.  Ex. B.

78. Liquidate damages of $1000 per communication were established.

79. Citi directly or through its agents have communicated with Plaintiff 47 times since the liquidated damages were established...

80. H&H called Plaintiff cell phone 29 times on June 11, 2010

1  81. Request for Relief: Plaintiff seeks monetary and liquidated damages in an amount
2  not less than $47,000

3  **Count III   Assault**

4  82. The allegations of paragraphs 1-81 are incorporated herein as if separately restated in
5  their entirety.

6  83. On about June 6, 2010 A Joe Doe process server did wrongfully enter upon Rafter's
7  property and place Rafter's child in reasonable apprehension of immediate harmful or
8  offensive contact.

9  84. Joe Doe Process Server's demonstrated an ability to harm the Rafter child.

10  **85.** Request for Relief: Plaintiff seeks damages in an amount not less than $10,000

11  **Count IV.  Denial of Service Attack**

12  86. The allegations of paragraphs 1-85 are incorporated herein as if separately restated in
13  their entirety

14  87. Rafter requested H & H to withdraw the erroneous lawsuit no later than June 11,
15  2010 and H & H failed to withdraw the erroneous lawsuit no later than June 11, 2010.

16  88. On June 11, 2010, H & H launch a denial of service attack on Plaintiff cell phone.

17  89.  On June 11, 2010, H & H willfully obstructed Plaintiff's cell phone service.

18  90. On June 11, 2010, H & H placed 29 phone calls to Plaintiff cell phone.

19  91.  On June 11, 2010, H & H intentionally interfered with Plaintiff's use of his cell
20  phone.

21  92. Request for Relief: Plaintiff seeks damages in an amount not less than $10,000.

22  **Count V.  Fraud on the Court**

23  93. The allegations of paragraphs 1-92 are incorporated herein as if separately restated in
24  their entirety

25  94. H & H failed to advise the court that the debt is disputed.

1   95. H & H failed to advise the court that willfully obstructs US mail to disadvantage
2   debtors seeking to dispute or disputing a debt.

3   96. H&H is obligated to act with candor and goof faith before this court.

4   97. H&H has not disclosed such techniques to the court.

5   98. Citi knew or should have known that H&H used deceitful and/or deceptive practices
6   in performing collection work for Citi.

7   99. Citi was grossly negligent in allowing H&H to perform collection work for Citi.

8   100.Citi failed to properly audit the H&H collection activities on a regular basis

9   101.Request for Relief: Plaintiff seeks damages in an amount not less to be set by the
10  Court to be paid into a fund to defend persons who have been sued or received
11  threatening correspondence from H&H and Citi.

12  **Count VI      Malicious Prosecution**

13  102.The allegations of paragraphs 1-101 are incorporated herein as if separately restated
14  in their entirety

15  103.H&H intentionally instituted a legal action against Plaintiff.

16  104.H&H brought a legal action against Plaintiff without probable cause.

17  105.H&H failed to properly investigate the facts prior to bringing a legal action against
18  Plaintiff.

19  106.H&H intentionally, maliciously and/or recklessly instituted a legal action against
20  Plaintiff.

21  107.After learning the matter was validly disputed, H&H pursued the legal action
22  knowing the legal action lacked probable cause.

23  108.H&H provoked this legal action.

24  109.H&H maliciously pursued a legal action against Plaintiff knowing the legal action
25  would harm Plaintiff.

26  110.H&H's improper pursuit of a legal action against Plaintiff has interfered with
27  Plaintiff's ability to send his children to college.

Complaint                    Page 11  of   20

1    111.H&H is Citi representative and it is believed that the H&H took these actions with
2    Citi approval.

3    112.Request for Relief: Plaintiff seeks an order dismissing the legal action filed by
4    Citibank against Plaintiff in Superior Court of California, County of Orange and
5    monetary damages in an amount not less than $10,000 and $1,000 per day for each day
6    for each day the legal action has been on file in the Superior Court of California, County
7    of Orange.

8    **Count VII    Coercion**

9    113.The allegations of paragraphs 1-112 are incorporated herein as if separately restated
10   in their entirety

11   114.In violation of California Civil code §52.1, Citi has exerted force upon Plaintiff  and
12   coerced Plaintiff to deprive Plaintiff of Plaintiff individual rights including the right to
13   send Plaintiff's children to college.

14   115.In violation of California Civil code §52.1, Citi has caused H&H exert improper
15   pressure on Plaintiff to deprive Plaintiff of Plaintiff individual rights including the right
16   to send Plaintiff's children to college.

17   116.Rafter succumbed to the pressure of Citi and H&H and filed this legal action.

18   117.Request for Relief: Plaintiff seeks monetary damages in an amount not less than
19   $10,000

20   **Count VIII.  Export of Personal Information**

21   118.The allegations of paragraphs 1-117 are incorporated herein as if separately restated
22   in their entirety

23   119.Rafter has provided Citi with personal confidential information.

24   120.Cit has used that information for an unintended purpose.

25   121.Citi has exported Plaintiff's personal information to countries around the globe
26   including India.

27   122.Citi knows that India does not share the same values as Plaintiff.

Complaint                      Page 12   of   20

1 | 123. On information, Citi has exposed Plaintiff to identify theft.

2 | **124.** Request for Relief: Plaintiff seeks monetary damages in an amount not less than
3 | $10,000 and credit monitoring for a period of not less than 10 years.

4 | **Count IX.     Intentional Infliction of Emotional Distress**

5 | 125. The allegations of paragraphs 1-124 are incorporated herein as if separately restated
6 | in their entirety

7 | 126. Plaintiff suffered severe emotional distress as a result of H&H's conduct.

8 | 127. H&H acted intentionally or recklessly.

9 | 128. H&H's conduct was extreme and outrageous.

10 | 129. H&H's acts are the cause of the distress.

11 | 130. Plaintiff suffered physical injuries.

12 | 131. H&H acted as Citi's representative in these actions.

13 | 132. Request for Relief: Plaintiff seeks monetary damages in an amount not less than
14 | $10,000

15 | **Count X.     Negligent Infliction of Emotional Distress**

16 | 133. The allegations of paragraphs 1-111 are incorporated herein as if separately restated
17 | in their entirety

18 | 134. H&H had a legal duty to use reasonable care to avoid causing emotional distress to
19 | Plaintiff.

20 | 135. H&H failed to use reasonable care.

21 | 136. Plaintiff suffered physical injuries from H&H failure.

22 | 137. Plaintiff suffered severe emotional distress as a result of H&H's conduct.

23 | 138. H & H caused Plaintiff to experience emotional distress.

24 | 139. H&H acted as Citi's representative in these actions.

1   140. Request for Relief: Plaintiff seeks monetary damages in an amount not less than

2   $10,000

3   **Count XI.       Defamation**

4   141. The allegations of paragraphs 1-140 are incorporated herein as if separately restated

5   in their entirety

6   142. Citi communicated a statement that makes a claim, expressly stated or implied to be

7   factual.

8   143. Citi published or communicated the statement to someone other than Plaintiff.

9   144. Citi communication of a statement gave Plaintiff a negative image

10   145. Citi communicate a statement that is inaccurate or false.

11   146. Citi knew or should have known that the statement it communicated was inaccurate

12   or false.

13   147. H&H communicated a statement that makes a claim, expressly stated or implied to

14   be factual claim.

15   148. H&H published or communicated the statement to someone other than Plaintiff.

16   149. H&H communication of a statement gave Plaintiff a negative image

17   150. H&H communicate a statement that is inaccurate or false

18   151. H&H knew or should have known that the statement it communicated was inaccurate

19   or false.

20   152. H&H published or communicated the statement to someone other than Plaintiff.

21   153. Request for Relief: Plaintiff seeks monetary damages in an amount not less than

22   $10,000

23   **Count XII.   Reporting Disputed Information as Undisputed**

24   154. The allegations of paragraphs 1-153 are incorporated herein as if separately restated

25   in their entirety.

155. Citi furnishes information to consumer reporting agencies and is responsible to ensure such information is accurate.

156. Citi has reported information with regard to Plaintiff to consumer reporting agencies with actual knowledge the information was inaccurate.

157. Citi has reported erroneous information to consumer reporting agencies to coerce Plaintiff to pay money not due or owing,

158. In violation of 15 USC § 1692e(3) Citi is furnishing information relating to a Plaintiff to a consumer reporting agency even though Citi knows or has reasonable cause to believe that the information is inaccurate.

159. Citi has failed to provide a **notice of dispute** with information it supplies to consumer reporting agencies with respect to Plaintiff.

160. Request for Relief: Plaintiff seeks a monetary damages as compensation for actual damages in an amount not less than $1,000 for each day since November 3, 2009 to present, which amount totals $229,000.

**Count XIII    Unfair practices**

161. The allegations of paragraphs 1-160 are incorporated herein as if separately restated in their entirety

162. In violation of 15 USC 1692f, H&H use unfair or unconscionable means to collect or attempt to collect any debt.

163. H&H misused one or more of the following items in an attempt to collect any debt.

Mails

Wires

Court proceedings

164. In violation of 15 USC 1692f(1), H&H has attempted to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt.

165. The amount asserted by H&H includes interest charged the rate 29.99 %, which interest rate is not expressly provided for in the agreement.

166. The amount asserted by H&H includes charges that accrued while performance of the contract has been suspended due to breach of contract by Citi followed by Citi's refusal to answer the dispute letter or correct it behavior.

167. Request for Relief: Plaintiff seeks monetary damages in an amount not less than $10,000

**Count XIV   Civil liability**

168. **H&H is a** debt collector who failed to comply with any provision of this 15 USC 1692 et seq. with respect to Plaintiff

169. Pursuant to 15 USC 1692k (1) H&H is liable to Plaintiff in an amount equal to the sum of any actual damage sustained by such person as a result of such failure;

170. Request for Relief: Plaintiff seeks an award of actual damages.

**Count XV.   False or Misleading Representations**

171. The allegations of paragraphs 1-170 are incorporated herein as if separately restated in their entirety

172. In violation of 15 USC 1692e, Citi induced debt collector H&H to use false, deceptive, or misleading representation or means in connection with the collection of this debt.

173. In violation of 15 USC 1692e (2) (A), H&H has falsely represented the character, amount, or legal status of any debt in a legal action.

174. As is evidenced by Plaintiff's letters, character, amount, or legal status is disputed.

175. In violation of 15 USC 1692e(5) H&H has taken action that cannot legally be taken or that is not intended to be taken.

176. In violation of 15 USC 1692e (9) H&H has used or distribution of a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

177. This is a malicious complaint filed based on a false statement and assault with invalid service of complaint

178. In violation of 15 USC 1692e (10) H&H used one or more false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

179. The debt collector process server gained access to my property by assault

180. H&H falsely represented the debt is valid when in fact the debt has been disputed since at least as early as 2009.

181. H&H has misrepresented that the debt is undisputed

182. Request for Relief: Plaintiff seeks monetary damages in an amount not less than $10,000

## Count XVI.   Cancellation of Service Mark Registrations

183. The allegations of paragraphs 1-182 are incorporated herein as if separately restated in their entirety

184. Citigroup Inc. has failed to properly supervise the activities of Citibank under the "Citi Marks."

185. Citibank has routinely engaged in an extensive list of abusive, deceptive, deceitful and/or uncivilized behaviors under the Citi Marks and the American Marks.

186. Citigroup Inc. has failed to properly and adequately supervise the quality of services that Citibank provides in connection with the Citi marks.

187. Citigroup does not control Citibank's use of the Citi Marks.

188. The Citi Marks have become generic names for at least a portion of the goods or services for which they are registered.

189. American Airlines, Inc. has failed to properly supervise the activities of Citibank under the American Marks.

190. American Airlines Inc. has failed to properly and adequately supervise the quality of services that Citibank provides in connection with the American Marks.

1   191. American Airlines Inc. does not control Citibank's use of the American Marks.

2   192. The American Marks have become generic names for at least a portion of the goods
3   or services for which they are registered.

4   193. Request for Relief: Pursuant to 15 USC §1119, Plaintiff seeks a Declaration that
5   Citigroup Inc. has failed to properly supervise the activities of Citibank under US Service
6   Mark Registrations 1181467, 2424088, 3441460 and 3086206 for the word mark CITI
7   and an Order directing the United States Patent and Trademark Office to cancel the
8   portion of these marks pertaining to credit card services.

9   194. ii) Pursuant to 15 USC §1119, Plaintiff seeks a Declaration that American Airlines
10  Inc. has failed to properly supervise the activities of Citibank under US Service Mark
11  Registration 2006172 for the word mark AADVANTAGE and an Order directing the
12  United States Patent and Trademark Office to cancel the portion of these marks
13  pertaining to credit card services.

14  **VI  Demand for Jury Trial:**

15  195. Plaintiff demands a Jury trial.

16  **VII  Request for Relief**

17  **Injunctive Relief**

18  196. Plaintiff seeks an order i) dismissing the Citibank lawsuit ii) setting off a portion of
19  the below monetary damages against any portion of the alleged debt found to be valid, iii)
20  directing Citi to cease reporting credit information regarding Rafter, iv) directing Citi to
21  permanently cease all contact with Plaintiff and v) requiring Citi to provided to Rafter
22  credit monitoring services for a period of not less than 10 years.

23  197. Plaintiff requests an Order i)Prohibiting H&H or any person associated with H&H
24  from having any contact with Plaintiff or any member of Plaintiff's family whatsoever
25  forevermore, ii) Prohibiting H&H from using the United States mails in a deceptive
26  manner, and prohibiting H&H from using automatic telephone calling equipment.

**Compensatory Damages**

198. Plaintiff requests an Order awarding Plaintiff monetary damages in the below amounts and holding the Defendants jointly and severally liable for the immediate payment of all such damages and instructing the Defendants pay these sums to Plaintiff immediately.

| Count | Title | Amount |
|-------|-------|--------|
| I | Breach of Contract | $57,000 |
| II | Invasion of Privacy | $47,000 |
| III | Assault | $10,000 |
| IV | Denial of Service Attack | $10,000 |
| V | Fraud on the court | TBD |
| VI | Malicious prosecution | $10,000 |
| VII | Coercion | $10,000 |
| VIII. | Export of Personal Information | $10,000 |
| IX. | Intentional infliction of emotional distress | $10,000 |
| X. | Negligent Infliction of emotional distress | $10,000 |
| XI. | Defamation | $10,000 |
| XII. | Reporting Disputed Information as Undisputed | $229,000 |
| XIII | Unfair Practices | $10,000 |
| XV | False or Misleading Representations, | $10,000 |
| | Total | $413,000 |

**Declaratory Judgment:**

199. Pursuant to 15 USC §1119, Plaintiff seeks a Declaration that Citigroup Inc. has failed to properly supervise the activities of Citibank under US Trademark Registrations

1   1181467, 2424088, 3441460 and 3086206 for the word mark CITI and an Order directing

2   the United States Patent and Trademark Office to cancel the portion of these marks

3   pertaining to credit card services.

4   200. Pursuant to 15 USC §1119, Plaintiff seeks a Declaration that American Airlines Inc.

5   has failed to properly supervise the activities of Citibank under US Trademark

6   Registrations 2006172 for the word mark AADVANTAGE and an Order directing the

7   United States Patent and Trademark Office to cancel the portion of these marks

8   pertaining to credit card services.

9   **Court Costs and Attorneys Fees**

10  201. Plaintiff seeks an order from this Court directing Defendants to jointly and severally

11  pay Plaintiffs court costs, attorneys fees and expenses and related costs and expenses

12  **Punitive damages**

13  202. Plaintiff requests an Order requiring Defendants to immediately pay to damages in

14  an amount not less than an amount to be set by the Court to be paid into a fund to defend

15  persons who have been sued or received threatening correspondence from H&H and/or

16  Citi.

17  **Other Relief**

18  203. Plaintiff seeks such other relief as the Court deems just.

19  Respectfully submitted

20

21  John. Rafter

22  19341 Sierra Perla Road

23  Irvine, California, 92603

24  949 648 1000

25  Date: June 22, 2010

**Important Information About Your Account.**
Please keep this for your records.
It is part of your Agreement with us.

American Airlines AAdvantage

**JOHN RAFTER**
**Your new Citi® Platinum Select® / AAdvantage® World MasterCard®**
**replaces your old card.**

Account Number: 5466 1601 3750 8022       AAdvantage #:   UJ98288
Number of Cards:    2
Annual Membership Fee:  $85 every 12 months.



**Register for free online account management at citicards.com**
**Citi helps you personalize your card.** Access your account online, select your PIN and billing date, have your photo added to your card and more.



We're pleased to enclose your new Citi® card. To help protect your security, please follow these easy steps before using your card:

**1** **Activate your card immediately.** Call the number on your sticker from your home phone, then remove the sticker from the front of your card.

**2** **Sign the back of your card.**

**3** **Use your credit card for all your purchases.** It is welcomed at millions of locations and nearly 1 million ATMs worldwide.

| Credit Protector helps to protect this credit card account if your income is interrupted. Depending on the event, your minimum monthly payments may be deferred or suspended for up to 2 years. | During times of Hospitalization, Disability, Job Loss or Family Leave, pay: • No finance charges • No fees  **Plus:** Credit Protector provides benefits for specified life-altering events that impact your income—like moving! |
|---|---|

A161 201PW       93747 018 3 1 2UU       1217   000603

**JOHN RAFTER**
**19341 SIERRA PERLA RD**
**IRVINE CA  92603-3946413**


**FREE** for the first 30 days when you enroll!

To sign up for optional **Credit Protector**
call **1-866-556-1616**

**Credit Protector Disclosure:** Your purchase of Credit Protector is optional. Purchasing Credit Protector will not affect the terms of any existing credit agreement you have with the bank. Additional information will be provided before you are required to pay for Credit Protector. This information will include the Credit Protector Terms and Conditions. There are eligibility requirements, limitations and exclusions that could prevent you from receiving benefits under Credit Protector. You should carefully read the Credit Protector Terms and Conditions for a full explanation of the terms of Credit Protector. Credit Protector is offered and provided by Citibank (South Dakota), N.A.

**Exhibit A,   page  1 of 1**

9634892773293164

80495730-0E Prt 11/07

**JOHN R. RAFTER**
**19341 SIERRA PERLA ROAD**
**IRVINE, CALIFORNIA 92603**

November 3, 2009

Richard D. (Dick) Parsons, Chairman
Vikram S. Pandit, CEO and Director
Citigroup                                    Phone: 212-559-1000
399 Park Ave.                                Toll Free: 800-285-3000
New York, NY 10043                           http://www.citigroup.com

Re:  Notice of Intent to Commence Legal Action- Extreme Emotional Distress
Citigroup- American Airlines Citi-Advantage 5466160127022463  Expiration 7/31/2011

Gentlemen:

Please be advised I am having trouble sleeping and have loss over 17 pounds of weight
due to Citigroup's letters of July 16, 2009 and October 12, 2009 (Attachments A and B),
These are bad economic time and Citigroup is making them much, much worse for me. I
can't stop you from pushing me but I will tell you that **you will kill the golden goose
and you will get nothing**. The choice is yours.

I understand that Citigroup feels I am unable to perform as agreed and seeks to modify
the terms and conditions of our relationship. I am sure we can work something out. As
threshold matter Citigroup must be accountable for harm it caused including at least the
following:

A.  I was severely harmed when Citigroup unilaterally a) reduced and my credit line and
b) cancelled the overdraft privilege in July 2009 (attachment A). This surprise unilateral
Citigroup decision deprived me of money that to be used for my children's college tuition
college and also caused five (5) automatic payments to bounce whereupon I received
nasty letter such as the Attachment C) as well as damage to my credit. Citigroup has
caused me have a continuous string of nights where I sleep for a total of 2 -3 hours and
woke up frightened – thinking what next. Citigroup has also caused me loose seventeen
pounds of my weight experienced. I am seeking **$10,000** to the destroying my automatic
payment, subjecting me to personal ridicule and intentionally inflicting emotional distress
on me. I am asserting a set off in that amount against the outstanding balance on the
account.

B.  I was severely harmed when Citigroup has distributed my personal identifying in
permission to locations outside the US that do not have the equivalent protections as
those afforded by US law and society. This information is maintained electronically in a
manner that is subject to unauthorized inspection by others. This unpermitted,
unconsented to, unwarranted and unnecessary and reckless use of my personally

Richard D. (Dick) Parsons, Chairman, 11/3/2009       Page 2 of 3
Vikram S. Pandit, CEO and Director

information is for Citigroup financial benefit. The risk and harm belongs to me alone.
This is continuing danger to me and my family. I estimate the value this risk to be **$5000**.

C. Now Citigroup seeks to coerce me in to giving up the card. Clearly Citibank does
value my business. I accept Citibank's valuation. The outstanding balance on the
account is probably worth $.50/dollar or less. This is approximately **$15,000.**

D. If Citigroup chooses to close my account I will be severely harmed and I probably
will not be able to repay any money to Citibank. Please don't do that.

I propose to resolve this matter in the one of four (4) possible ways:

**Proposal A.:** Citigroup Reinstates My Account and Provides Requested Assurances to
Cure its Breach of Contract
Please instate my account to its prior terms with a variable overdraft.

**Proposal B:  Offer to Pay Off Account At a Reduced Value Of Assets**
It appears that Citibank no longer feel I can pay this account. I accept Citigroup's
determination and offer to settle my above claims and satisfy the entire outstanding
balance of this account with a one time payment of $17,000. This offer is good until
November 25, 2009 after which date I probably will not be able to pay Citigroup any
more money.

**Proposal C:  Coerced Closing of Account**
In the event Citigroup fails to accept either proposal A or B, I will succumb to the
Citibank coercion and intimidation close the account in response thereto and
simultaneously assert a counter claim and set off in the amount of $15,000 against
Citigroup and American Airlines for coercion, intimidation and compounding the already
severe intention emotional distress that Citibank has inflicted. The account as closed thus
has a zero balance due to the setoffs totaling $30,000.

**Proposal D. Ask American Airlines for Assistance:** I understand that American
Airlines share the account with Citigroup. If Citigroup does not resolve its breach or
accept my pay off proposal, I seek the assistance of American Airlines.

**Proposal E. Ask US Government for Assistance:**
The US Government bailout of Citigroup guarantees up to $306 billion in assets, and also
provides that the Citigroup will issue $4 billion worth of preferred stock to the U.S.
Treasury and $3 billion to the FDIC, according to a joint press release by Treasury, the
Federal Reserve, and the FDIC.

**Cease & Desist Further Contact:** Other than to provide a single letter accepting or
rejection my above proposal, Citigroup and its member organizations and those associate
with it is prohibited from contacting me for any reason whatsoever under any
circumstance forevermore. Each violation of this prohibition will be subject to $1000
liquidated damages. Citigroup's sole remedy is to sue me in court.

Richard D. (Dick) Parsons, Chairman, 11/3/2009        Page 3 of 3
Vikram S. Pandit, CEO and Director


Please let me know Citigroup's  decision.  No further payments will be made until
Citigroup either restores the account to its original terms or accepts my offer to pay the
account in full.

Thank you for taking the time to help resolve this matter

Very truly yours,


John R. Rafter

**JOHN R. RAFTER**
**19341 SIERRA PERLA ROAD**
**IRVINE, CALIFORNIA 92603**

November 18, 2009

Richard D. (Dick) Parsons, Chairman
Vikram S. Pandit, CEO and Director
Citigroup                                    Phone: 212-559-1000
399 Park Ave.                                Toll Free: 800-285-3000
New York, NY 10043                           http://www.citigroup.com

Re: Notice of Intent to Commence Legal Action- Extreme Emotional Distress
Citigroup- American Airlines Citi-Advantage 5466160127022463  Expiration 7/31/2011

Gentlemen:

On November 3, 2009 I sent you a certified letter relative to the above identified account
asking for assurances the CitiGroup intended to behave in civilized manner.  I have
received no assurance but instead received the enclosed letter further reducing my credit
line eliminating all available credit.  In other words CitiGroup continues to damage and
impair my revolving credit line.  This has aggravated my emotional distress and I have no
alternative but to advise you that I am now treating Citibank in Breach of contract and
will be suspending all future payments.  No interest will accrue until CitiGroup cures its
breach.

I believe the best thing for us to do is to close and pay it off at fair market value.  I accept
Citigroup's determination that my account is worth only a fraction of its face and
accordingly I offer to settle my above claims and satisfy the entire outstanding balance of
this account with a one time payment of $17,000 less $5,000 for damage to net $12,000.
This offer is good until Monday, November 30, 2009 after which date I probably will not
be able to pay Citigroup any more money.

**American Airlines: Unless I hear from you on or before November 30,2009,** I will
seek the assistance from American Airlines.

**Proposal E. Ask US Government for Assistance:**
The US Government bailout of Citigroup guarantees up to $306 billion in assets, and also
provides that the Citigroup will issue $4 billion worth of preferred stock to the U.S.
Treasury and $3 billion to the FDIC, according to a joint press release by Treasury, the
Federal Reserve, and the FDIC.

**Cease & Desist Further Contact:** Other than to provide a single letter accepting or
rejection my above proposal, Citigroup and its member organizations and all those
associated with it are prohibited from contacting me for any reason whatsoever under any
circumstance forevermore. 6 months of harassment is more than enough.  I do not wish to

**Exhibit C,  page  1 of 2**

Richard D. (Dick) Parsons, Chairman   Page 2
Vikram S. Pandit, CEO and Director

be harassed further.  Please do not send mail to me at the above address.  Do not call me
by telephone at 949 856 2523.  Do not send emails to me.  Each violation of this
prohibition will incur $1000 liquidated damages.  The liquidated damages will be added
to the above tortuous damages, and will be applied as a setoff against any amount
Citigroup asserts as due and owing.

In the event you and Citigroup again fail to heed my response, a $1000 management fee will be
applied and I and institute all  available legal action against you, Citigroup and all those acting in
concert with either of you.

Let's finish this now, no further payments will be made. Please accept my $12,000 offer.
I believe it s fair under the circumstances.

Thank you for taking the time to help resolve this matter

Very truly yours,


John R. Rafter


**Exhibit C,   page  2 of 2**

**JOHN R. RAFTER**
**19341 SIERRA PERLA ROAD**
**IRVINE, CALIFORNIA 92603**

January 24, 2010

Gerard J. Arpey
Chairman, President, & CEO
4333 Amon Carter Blvd.                    Phone: 817-963-1234
Fort Worth, TX  76155                     Fax: 817-967-4162

Re:  **American Airlines Citi-Advantage** - Harassment **of My Son**

Dear Mr. Arpepy:

American Airlines Citi-Advantage harmed my son. He has done nothing.  It was done to
coerce me.  American Airlines Citi-Advantage is out of control and way over the line.

To coerce me into paying money I do not owe, American Airlines Citi-Advantage has
now gone after my son.  American Airlines Citi-Advantage has falsely and inaccurately
reported my American Airlines Citi-Advantage credit card against his credit to coerce
me.  The false credit report (attached) has severely damaged my son's credit score 100+
points and prevented him from buying a car.  American Airlines Citi-Advantage has
made and unauthorized disclosure of my personal information to my son and others and
American Airlines Citi-Advantage disclosed false and inaccurate information to my son
to damage my reputation and to cast me in a false, inaccurate and poor light. My son has
been harmed and I have been harmed.  I think it was done intentionally but even if
otherwise, this harm to my son was entirely foreseeable.  American Airlines Citi-
Advantage failed to take appropriate precautions to check recheck and check again all
activities to ensure the types of harm that can occur – do not occur.

This is all about the American Airlines Citi-Advantage 1 -2 Punch Plan.  After receiving
billions of dollars in bailout money and other assistance American Airlines Citi-
Advantage has responded to difficult economic times by attacking its cardholders and
worsening their financial difficulties.  There was not problem before November 2008.
The problem occurred in November 2008 when American Airlines Citi-Advantage
launched the 1 -2 Punch to Plan deprive me a credit and harm me financially by
improperly a) reducing my credit limit and b) raising the periodic rate to **29.99 %**
**knowing that this rate would make impossible for me to make may payments..**
Even if you mistakenly believe American Airlines Citi-Advantage have a contractual
right (disputed) to make these changes, making it in a callous and abusive manner with
without regard the consequences reacting with indifference to the harm inflicted on the
card holder is illegal.  American Airlines Citi-Advantage is behaving improperly.  I have
tried to resolve this matter in a civilized manner.  **Citibank has ignored my letters.**  I
have other bills.  American Airlines Citi-Advantage wants me to stop paying my other
creditors so I can pay American Airlines Citi-Advantage 29.99 % interest.  American
Airlines Citi-Advantage is intended to deprive my other creditors of fair payment.  The
bank that was bailed out wants even more.  Citi intentionally manipulated me into a

**Exhibit D,  page 1 of 3**

difficult financial position. Truthfully I do not know how I will avoid bankruptcy or not.
I'm finished with Citibank forever and I would like you intervene to put an immediate
end to the harassment and abuse of my son and to repair his credit records. It would also
be very helpful if you get Citibank to come to the table so we can end this and go our
separate ways.

I must tell you I really don't understand. The whole country went into a financial dip.
We are climbing out of this. Citigroup- American Airlines Citi-Advantage stands alone
in its **greed**. American Airlines has always been first class. I don't think American
Airlines wants to be involved in this and I don't think American Airlines want to
customers treated this way. I sincerely a doubt President Obama will approve either.

You need to know if my soon is harmed again or we can not put an end to this soon, I
will have no alternative but to seek the immediate assistance of a federal court. I need a
restraining order to protect me son. I will name American Airlines and require you to
explain how you have supervised Citi and how you let Citi treat customers this way. I
relied on the American Airlines name on this card to earn American miles and be treated
fairly. My son would not have been harmed if proper supervision and oversight was
present.

If you wish to reach me, please leave a message on my home phone 949 856 2523, I will
return the call.

Thanks for the help.


Very truly yours,

John R. Rafter

 

Loan Center · Edit Profile · Logout

**freecreditreport.com**

HOME   ALERTS   SCORE   REPORT   PROTECT   RESOURCES

## Alerts Center

We monitor your Experian®, Equifax®, and TransUnion® Credit Reports on a daily basis and will notify you every time a key change occurs. If you receive an Alert, be sure you review it right away to:

- Stay informed of new activity on your Credit Reports
- Know when your Experian Credit Score changes
- Catch early signs of suspicious activity

### Alert Settings

Customize the type of alerts you receive any time by updating your preferences in Edit Profile

*My Son's Credit Report*



Clear All Alerts

### Alert Details
Click on any Alert to the left to see details.

Potentially negative information has been posted to your Credit Report
Reported on 1/20/2010 by Equifax          View Details

Your Experian Credit Score dropped by 19 point(s)
Reported on 1/19/2010 by Experian          View Details



View Details

View Details

View Details

View Details

View Details

Your Experian Credit Score increased by 34 point(s)
Reported on 11/7/2009 by Experian          View Details

**Potentially Negative Alert**
Reported on 1/20/2010 by Equifax

| | |
|---|---|
| Company: | CITI CARDS CBSDNA |
| Balance Date: | 10/1/2009 |
| Current Balance: | $31032 |
| Status Date: | 1/1/2010 |
| Payment Status: | Not more than three payments past due (3) |
| Company Phone: | |
| Company Address: | PO Box 6500 C/O Citi Corp Sioux Falls, SD 571176500 |

**What is Potentially Negative Information?**
An item is "potentially negative" when a creditor reports that you have not met the terms of your credit agreement. Negatively reported items include late payments, accounts that have been charged off, and accounts that have been sent to a collection agency. Most negative information remains on your Credit Report for seven years.

**What do I do now?**
If you believe that the information listed above is in anyway inaccurate, please contact the Dispute Center immediately.

previous  1  next

See if your information is being reported accurately to all 3 Bureaus.
Get your 3 Bureau Report with Scores now.

**Exhibit D,   page   3 of  3**

1/22/2010 7:35 PM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHN RAFTER

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

CITIBANK (SOUTH DAKOTA) N.A.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAY 24 2010**

ALAN CARLSON, Clerk of the Court

BY: _____ J. YU _____, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

30-2010

---

The name and address of the court is: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
*(El nombre y dirección de la corte es)*

**CASE NUMBER:** *(Número del Caso):* 00375080

Central Justice Center-Unlimited
700 Civic Center Drive West
Santa Ana CA 92702

JUDGE LINDA S. MARKS C-7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HUNT & HENRIQUES, Attorneys at Law Michael S. Hunt, #99804 Janalie Henriques #111589
151 Bernal Rd. Suite 8, San Jose, CA 95119       Telephone (408) 362-2270

DATE: *(Fecha)* MAY 24 2010    ALAN CARLSON Clerk, by *(Secretario)* IMELDA YU Deputy *(Adjunto)*

BY FAX

*(For proof of service of this summons, use Proof of Service of Summons, (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (form POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

**Exhibit E,  page 1 of 3**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| HUNT & HENRIQUES <br> Michael S. Hunt, #99804    Janalie Henriques, #111589 <br> 151 Bernal Rd. STE 8,    San Jose, CA 95119-1306 <br> TELEPHONE NO: (408) 362-2270  FAX NO. (OPTIONAL): (408) 362-2299 <br> ATTORNEY FOR (Name): PLAINTIFF | **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF ORANGE <br> CENTRAL JUSTICE CENTER <br> **MAY 24 2010** <br> ALAN CARLSON, Clerk of the Court <br> BY: ____ I. YU ____ DEPUTY <br> **30-2010** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE <br> STREET ADDRESS: 700 Civic Center Drive West <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Santa Ana CA 92702 <br> BRANCH NAME: Central Justice Center-Unlimited | |
| CASE NAME: CITIBANK (SOUTH DAKOTA) N.A. <br> vs. JOHN RAFTER | |

| CIVIL CASE COVER SHEET <br> [X]Unlimited [] Limited | | Complex Case Designation <br> [ ] Counter   [ ] Joinder | CASE NUMBER: <br> 0 0 3 7 5 0 8 0 |
|---|---|---|---|
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> JUDGE LINDA S. MARKS  C-7 <br> DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured Motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other Employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[] Rule 3.740 collections (09)
[X] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [ XX ] is not   complex under rule 3.400 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-disposition judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [ ] is [ X ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015)*

Date: May 10, 2010

HUNT & HENRIQUES-Janalie Henriques                          /S/ Janalie Henriques
_____                          _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet shall be used for statistical purposes only.

page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

FILE BY FAX

**Exhibit E,   page 2 of 3**

PLD-C-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): FOR COURT USE ONLY
HUNT & HENRIQUES, Attorneys at Law
Michael S. Hunt, ESQ.    #99804
Janalie Henriques, ESQ. #111589
151 Bernal Rd. STE 8,        San Jose, CA 95119-1306
TELEPHONE NO:   (408) 362-2270    FAX NO. (OPTIONAL): (408) 362-2299
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):   PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana CA 92702
BRANCH NAME: Central Justice Center-Unlimited

PLAINTIFF:   CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT:   JOHN RAFTER

[ ] DOES 1 TO _____

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAY 24 2010**

ALAN CARLSON, Clerk of the Court

BY: _____ I. YU _____ , DEPUTY

CONTRACT

[X] COMPLAINT         [ ] AMENDED COMPLAINT (Number):

[ ] CROSS-COMPLAINT    [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ]   ACTION IS A LIMITED CIVIL CASE      $31,792.95
      Amount demanded [ ] does not exceed $10,000
                      [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

CASE NUMBER:
30-2010
00375080

1. PLAINTIFF* (names): CITIBANK (SOUTH DAKOTA) N.A.

JUDGE LINDA S. MARKS    C-7

BY FAX

alleges causes of action against DEFENDANT* (names):
JOHN RAFTER
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. a. Each plaintiff named above is a competent adult
   [X] except plaintiff (name): CITIBANK (SOUTH DAKOTA) N.A.
       [ ] a corporation qualified to do business in California
       [ ] an unincorporated entity (describe):
       [X] other (specify): A NATIONAL BANKING ASSOCIATION ORGANIZED AND EXISTING
                 UNDER AND BY VIRTUE OF THE LAWS OF THE UNITED STATES OF AMERICA

   b. [ ] Plaintiff (name):
       [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

       [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint - Attachment 3c.

4. a. Each defendant named above is a natural person
   [ ] except defendant (name):                    [ ] except defendant (name):
       [ ] a business organization, form unknown        [ ] a business organization, form unknown
       [ ] a corporation                                [ ] a corporation
       [ ] an unincorporated entity (describe):         [ ] an unincorporated entity (describe):

       [ ] a public entity (describe):                  [ ] a public entity (describe):

       [ ] other (specify):                             [ ] other (specify):

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

COMPLAINT - Contract

Page 1 of 2
Code of Civ. Proc., § 425.12



Exhibit E,   page 3 of 3

**JOHN R. RAFTER**
**19341 SIERRA PERLA ROAD**
**IRVINE, CALIFORNIA 92603**

June 5, 2010

Michael S. Hunt, California Attorney Registration # 990804
Janalie Henriques, California Attorney Registration # 111589
Hunt & Henriques
151 Bernal Rd., Suite 8    Phone   408 362 2270
San Jose, CA 95119                    **Certified Mail**

Re: **Notice of Legal Action: Malicious Prosecution: Case number 00375080   Citi v. Rafter   30-2010 American Airlines Citi-Advantage**

To California Attorneys Hunt and Henriquest:

Please withdraw the subject lawsuit with prejudice no later than Friday, June 11, 2010. For the next five (5) days I am willing to accept Citi failed to provide you with a complete file and that your lawsuit was filed in error. After that you will be treated as part of the problem and I will take all available legal action against each of you.

I have disputed this matter in writing with Citi and American Airlines of the past year. Citi has **never responded to my letters** because Citi is in wrong and a substantial portion of this debt bogus. This is not mistake. Citi has repeatedly maliciously injured me and my family. In this regard you may wish to contact Richard D. (Dick) Parsons, Chairman and Vikram S. Pandit, CEO and Director, Citigroup, 399 Park Ave., New York, NY 10043 212-559-1000 as they have personal knowledge of this unanswered dispute.

If this lawsuit is not withdrawn as requested, I will file a lawsuit in federal court naming both of you and your firm as co-defendants with American and Citi, and remove your ill-advised lawsuit to federal court.

**Service is Invalid:** The service of the complaint is invalid. Please provide me with the name of process server. I wish to report him to the Irvine Police.

**Document Preservation:** Please preserve for voluntary production in federal court all records of this matter including all materials provided by Citi or its agents, employees, associates or other representatives and details of the actions you took to discharge you obligations imposed by the bar on registered California attorneys

Sincerely,

John R. Rafter

**Exhibit F,   page  1 of 1**

Int. Cl.: 36

Prior U.S. Cl.: 102

Reg. No. 1,181,467

## United States Patent and Trademark Office

Registered Dec. 8, 1981

### SERVICE MARK
**Principal Register**

## CITI

Citicorp (Delaware corporation)
399 Park Ave.
New York, N.Y. 10043

For: FINANCIAL SERVICES—NAMELY, EXTENDING CONSUMER AND INDUSTRIAL LOANS TO OTHERS; FACTORING SERVICES; CREDIT CARD SERVICING AND THE PURCHASING AND SERVICING OF CONSUMER RECEIVABLES ASSOCIATED THEREWITH; COMMERCIAL LENDING; SERVICING LOANS AND EXTENSIONS OF CREDIT; REAL ESTATE LENDING; MORTGAGE FINANCING AND MORTGAGE SERVICING; INVESTMENT ADVISORY AND FINANCIAL ADVISORY SERVICES; PROVIDING VENTURE CAPITAL TO OTHERS, in CLASS 36 (U.S. Cl. 102).

First use Jan. 30, 1979; in commerce Jan. 30, 1979.

Ser. No. 207,983, filed Mar. 19, 1979.

MARK B. HARRISON, Primary Examiner

Int. Cls.: 9, 35, and 36

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, and 102

**Reg. No. 2,424,088**

# United States Patent and Trademark Office

Registered Jan. 23, 2001

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



CITICORP (DELAWARE CORPORATION)
399 PARK AVENUE
NEW YORK, NY 10043

FOR: COMPUTER SOFTWARE FOR ALLOWING CUSTOMERS TO TRANSACT BANKING AND FINANCIAL BUSINESS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5–0–2000; IN COMMERCE 5–0–2000.

FOR: PROVIDING INFORMATION REGARDING ONLINE RETAIL SHOPPING SERVICES VIA A GLOBAL COMPUTER NETWORK, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9–0–1999; IN COMMERCE 9–0–1999.

FOR: FINANCIAL SERVICES, NAMELY, BANKING; CREDIT CARD; COMMERCIAL AND CONSUMER LENDING AND FINANCING; REAL ESTATE AND MORTGAGE BROKERAGE; TRUST, ESTATE, AND FIDUCIARY MANAGEMENT, PLANNING AND CONSULTING; SECURITIES AND FUND INVESTMENT AND INVESTMENT ADVISORY CONSULTING SERVICES; SECURITIES BROKERAGE AND TRADING SERVICES FOR OTHERS; FACILITATING SECURE FINANCIAL TRANSACTIONS, NAMELY, ELECTRONIC FUNDS TRANSFERS, ELECTRONIC CASH TRANSACTIONS, ELECTRONIC CREDIT CARD TRANSACTIONS, ELECTRONIC BILL PAYMENT, AND ELECTRONIC DEBIT TRANSACTIONS; AND INSURANCE SERVICES, NAMELY, UNDERWRITING, AND BROKERAGE OF PROPERTY, CASUALTY AND LIFE INSURANCE POLICIES AND ANNUITY CONTRACTS; PROVIDING ONLINE INTERACTIVE NEWS AND INFORMATION IN THE BANKING AND FINANCIAL INDUSTRIES PROVIDED VIA A GLOBAL COMPUTER NETWORK, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11–0–1999; IN COMMERCE 11–0–1999.

OWNER OF U.S. REG. NOS. 691,815, 1,370,620, AND OTHERS.

SN 75–729,726, FILED 6–16–1999.

JEFF DEFORD, EXAMINING ATTORNEY

Int. Cls.: **36 and 41**

Prior U.S. Cls.: **100, 101, 102, and 107**

**Reg. No. 3,441,460**

## United States Patent and Trademark Office

Registered June 3, 2008

## SERVICE MARK
### PRINCIPAL REGISTER



CITIGROUP INC. (DELAWARE CORPORATION)
399 PARK AVENUE
NEW YORK, NY 10043

FOR: FINANCIAL SPONSORSHIP OF FILM PER-
FORMANCES AND DANCE, THEATER, MUSIC
AND PERFORMING ARTS PRODUCTIONS, IN
CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-1-2006; IN COMMERCE 12-1-2006.

FOR: ENTERTAINMENT SERVICES, NAMELY,
ORGANIZING, CONDUCTING AND PRESENTING
PERFORMING ARTS PRODUCTIONS; PROVIDING
THEATRE FACILITIES FOR THE PERFORMING
ARTS; AND EDUCATIONAL SERVICES, NAMELY,
CONDUCTING CLASSES AND PROGRAMS IN THE
FIELDS OF THEATRES, DANCE, MUSIC AND
PERFORMING ARTS, IN CLASS 41 (U.S. CLS. 100,
101 AND 107).

FIRST USE 12-1-2006; IN COMMERCE 1-5-2007.

OWNER OF U.S. REG. NOS. 1,181,467 AND
2,424,088.

SN 77-058,999, FILED 12-7-2006.

ALYSSA PALADINO, EXAMINING ATTORNEY

Int. Cls.: 35 and 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,086,206
Registered Apr. 25, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

# CITI

CITIGROUP INC. (DELAWARE CORPORATION)
399 PARK AVENUE
NEW YORK, NY 10043

FOR: MONITORING CONSUMER CREDIT RE-PORTS AND PROVIDING NOTIFICATIONS AS TO CHANGES THEREIN, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

FOR: PROVIDING CREDIT CONSULTATION AND INQUIRY SERVICES; PROVIDING INFORMA-

TION ON CREDIT EDUCATION, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 1,181,467.

SN 78-340,969, FILED 12-15-2003.

GRETTA YAO, EXAMINING ATTORNEY

---

**Exhibit J,   page  1 of 1**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**Reg. No. 2,006,172**

## United States Patent and Trademark Office

Registered Oct. 8, 1996

### SERVICE MARK
### PRINCIPAL REGISTER

# A'Advantage

AMERICAN AIRLINES, INC. (DELAWARE CORPORATION)
4333 AMON CARTER BOULEVARD
FORT WORTH, TX 76155

FOR: PROMOTING TRAVEL SERVICES, CREDIT CARD USE, LONG-DISTANCE SERVICE CAR RENTALS, AND HOTEL ACCOMMODATIONS THROUGH THE ADMINISTRATION

OF AWARD PROGRAMS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4–20–1981; IN COMMERCE 4–20–1981.

OWNER OF U.S. REG. NO. 1,228,737.

SER. NO. 75–011,112, FILED 10–27–1995.

WANDA KAY PRICE, EXAMINING ATTORNEY

Exhibit K,   page 1 of 1